# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ARTHUR DENNIS RUTHERFORD,**

    **Petitioner,**

**v.**                                         **Case No.  4:06-cv-50/MCR**

**JAMES V. CROSBY, JR., Secretary,**
**Florida Department of Corrections, and**
**CHARLIE CRIST, Attorney General of Florida,**

    **Respondents.**

_____/

## ORDER

**This matter is before the court on a Verified Complaint for Declaratory and Injunctive Relief filed by Arthur Rutherford through his counsel on January 27, 2006, with supporting memoranda, and an Application for Stay and Motion to Hold Proceedings in Abeyance.[1]  For the reasons that follow, the court finds that the petition must be dismissed for lack of jurisdiction.[2]  This case has an extensive history dating back to Petitioner's original death sentence in December of 1986.  The facts and procedural history of the case are set out in the Eleventh Circuit Court of Appeals' opinion in <u>Rutherford v. Crosby</u>, 385 F.3d 1300 (11th cir. 2004), <u>cert. denied</u>, 125 S. Ct. 1847 (2005), and demonstrate that the Petitioner has filed previous petitions for habeas corpus, both in the state and federal courts.  <u>See</u> <u>e.g.</u>,**

---

[1] For reasons explained <u>infra</u>, the court will hereinafter refer to the complaint as a petition and to plaintiff as petitioner.

[2] While Respondents argue that Rutherford's petition should be dismissed for failure to state a cause of action as opposed to lack of jurisdiction, a federal court may determine *sua sponte* that it lacks the jurisdiction to entertain the matter before it.  <u>Vermeulen v. Renault., U.S.A., Inc.</u>, 985 F.2d 1534, 1542 (11th Cir. 1993); <u>see also</u>, <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).

Case No.: 4:06cv 50/MCR

dockets.Justia.com

Rutherford v. State, 545 So.2d 853 (Fla. 1989); Rutherford v. State, 727 So.2d 216 (Fla. 1999); Rutherford v. Moore, 774 So.2d 637 (Fla. 2000).

Petitioner now brings the instant suit as a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983 for alleged prospective violations of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment, claiming that death by lethal injection according to the protocol followed in Florida "creates a foreseeable risk of the gratuitous and unnecessary infliction of pain on a person being executed." Plaintiff bases his claim on a research article co-authored by Dr. David A. Lubarsky, an anesthesiologist, and published in The Lancet. This article, "Inadequate Anaesthesia in Lethal Injection for Execution," Vol 365, The Lancet 1412-14 (April 16, 2005), is attached to Petitioner's petition as Attachment B and states:

> Lethal injection usually consists of sequential administration of sodium thiopental for anaesthesia, pancuronium bromide to induce paralysis, and finally potassium chloride to cause death. (Cite omitted). Without anaesthesia, the condemned person would experience asphyxiation, a severe burning sensation, massive muscle cramping, and finally cardiac arrest. Thus, adequate anaesthesia is necessary both to mitigate the suffering of the condemned and to preserve public opinion that lethal injection is a near-painless death.

Id. at 1412. The above conclusion is based on research and data from post-mortem toxicological tests conducted on condemned inmates in Arizona, Georgia, North Carolina and South Carolina, from which the researchers found that the concentrations of thiopental (sodium pentothal) were lower than that required for surgery in 88% of the executed inmates and that 43% of the executed inmates had concentrations of thiopental consistent with awareness because they had an insufficient amount of sodium pentothal in their bloodstream to provide adequate anesthesia. (Doc. 2-1 at 7-8).[3] The article suggests that "some inmates might

---

[3] Florida's lethal injection procedure is outlined in detail in Sims v. State, 754 So.2d 657, 666 (Fla. 2000), and it is assumed that the same procedure will be used in Petitioner's execution. Dr. Lubarsky states in his affidavit, attached to Petitioner's petition as Attachment A, that on the basis of information contained in Sims the procedure

**experience awareness and pain during execution." The Lancet at 1412. Petitioner contends that under Florida's lethal injection protocol there is a likelihood that he will unnecessarily suffer awareness and pain during his execution in violation of the Eighth Amendment and Fourteenth prohibition against cruel and unusual punishment.**

**This very same issue was recently addressed in Hill v. Crosby , 2006 WL 167585(N.D. Fla.)(Jan. 21, 2006), wherein the district court dismissed Hill's complaint for declaratory and injunctive relief pursuant to § 1983 for lack of jurisdiction, treating Hill's § 1983 complaint as the functional equivalent of a successive habeas corpus petition and finding that it lacked jurisdiction to consider it as such because Hill had failed to obtain leave from the Eleventh Circuit to file it as required by 28 U.S.C. § 2244(b)(3)(A).[4] On appeal, the Eleventh Circuit Court of Appeals affirmed the district court's order, confirming that the court lacked jurisdiction to hear Hill's complaint without his having first obtained leave to file a successive habeas corpus petition pursuant to the requirements of 28 U.S.C. § 2244(b)(3)(A). Hill v. Crosby, 2006 WL 163607 (11th Cir., Jan. 24, 2006). Thereafter, the United States Supreme Court stayed Hill's execution and granted his petition for a writ of certiorari. Hill v.**

---

used in Florida is substantially similar to the procedure used in the states which provided the toxicology data. See Attachment A at 6.

[4] 28 U.S.C. § 2244(b) provides as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior appeal shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U. S. C. § 2244(b)(3)(A) further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Case No.: 4:06cv 50/MCR

**Crosby, 2006 WL 171583 (Jan. 25, 2006).[5]**

**Ruling on Hill's § 1983 claim, the district court correctly relied on the binding precedent of this circuit in Robinson v. Crosby, 358 F.3d 1281 (11th Cir. 2004), by treating Hill's claim as the functional equivalent of a successive habeas corpus petition. In Robinson, the petitioner alleged that "lethal injection causes those who are executed pain and suffering while they are paralyzed and unable to communicate," in violation of their Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. Id. at 1282. The district court construed Robinson's § 1983 action as the functional equivalent of a successive habeas corpus petition which would subject him to the requirements of 28 U.S.C. § 2244. In concluding that the district court properly dismissed Robinson's § 1983 complaint for lack of jurisdiction the Eleventh Circuit held:**

> **A § 1983 claim seeking relief–including a TRO, preliminary injunction, or a stay of execution–from a sentence of death as cruel and unusual punishment is the "functional equivalent" of a successive habeas petition. The district court lacked jurisdiction to consider Robinson's claim because he failed to apply to this Court for permission to file a successive habeas petition. We further note that such an application to file a successive habeas petition would be denied in any event. See In re Provenzano, 215 F.3d 1233, 1235-36 (11th Cir. 2000), cert. denied, 530 U.S. 1256, 120 S. Ct. 2710, 147 L. Ed. 2d 979 (2000) (concluding that a claim that lethal injection constitutes cruel and unusual punishment does not meet the requirements of 28 U.S.C. § 2244(b)(2)(A) or (B)).**

---

[5] The two questions presented to the Court in support of the petition for certiorari review are as follows:

    1. Whether a complaint brought under 42 U.S.C. § 1983 by a death-sentenced state prisoner, who seeks to stay his execution in order to pursue a challenge to the chemicals utilized for carrying out the execution, is properly recharacterized as a habeas corpus petition under 28 U.S.C. § 2254?

    2. Whether, under the Court's decision in Nelson v. Alabama, 541 U.S. 637, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004), a challenge to a particular protocol the State plans to use during the execution process constitutes a cognizable claim under 42 U.S.C. § 1983?

Notably, on January 27, 2006, the United States Supreme Court vacated a stay of execution issued by the Seventh Circuit Court of Appeals in Bieghler v. Donahue, Case No. 06-1300. See Donahue v. Bieghler, Case No. 05A684. The Seventh Circuit had granted the stay based solely on the Supreme Court's grant of the writ of certiorari in Hill v. Crosby. However, in Bieghler the lower courts did not recharacterize Bieghler's § 1983 claim as a successive habeas corpus petition and therefore the issue before the Supreme Court on petition for certiorari in Bieghler and Hill was not the same.

**Id**. **at 1284 (remaining internal cites omitted). The issue presented in Robinson is essentially the issue presented here, i.e. whether a district court has jurisdiction to consider an inmate's claim brought pursuant to 42 U.S.C. § 1983 alleging that "by using a succession of three chemicals that will cause unnecessary pain in the execution of a sentence of death," the Petitioner will be deprived "of his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment," a question the Eleventh Circuit answered in the negative in Robinson. Petitioner in this case, however, has not addressed Robinson, nor has he attempted to distinguish his case from Hill. The issue raised by Petitioner here was raised, addressed, and disposed of in both Robinson and Hill. Accordingly, following and applying the law of this circuit as set forth in Robinson and Hill, this court concludes that Petitioner's § 1983 complaint seeks to avoid his execution by lethal injection and therefore necessarily implicates the validity of his death sentence.[6] Consequently, Petitioner's claim and request for relief is the functional equivalent of a successive habeas corpus petition and absent his having first obtained leave to file a successive petition from the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), this court is without jurisdiction to entertain Petitioner's petition.**

**Notwithstanding, even assuming Petitioner has a cognizable claim under 42 U.S.C. § 1983, this court would nonetheless conclude that he is not entitled to relief due to unnecessary delay in bringing his claim.[7] See Gomez v. United States Dist. Court for N. Dist. of Cal., 503 U.S. 653, 654, 112 S. Ct. 1652, 1653, 118 L. Ed. 2d 293 (1992)(per curiam)("A court may consider the last-minute nature of an application to**

---

[6] While this court acknowledges that a writ of certiorari was granted in Hill's case and that the claim and request for relief sought by Petitioner are identical to Hill's, the grant of certiorari in Hill's case does not change the law of this circuit or justify this court's granting a stay of execution on the possibility that the Supreme Court may overturn Eleventh Circuit law. See Robinson v. Crosby, 358 F.3d 1281, 1284 (11th Cir. 2004); Ritter v. Thigpen, 828 F.2d 662, 665-66 (11th Cir. 1987).

[7] The court seriously doubts that Petitioner's claim in any event would fall within the narrow confines of Nelson v. Campbell, 541 U.S. 637, 649, 124 S. Ct. 2117, 2125, 158 L. Ed. 2d 924 (2004)(noting that its holding "is extremely limited.").

Case No.: 4:06cv 50/MCR

stay execution in deciding whether to grant equitable relief."). Petitioner, however, claims that The Lancet article is the "first empirical research published regarding lethal injection." (Doc. 3 at n.1). While The Lancet article itself may be new, the factual basis of Petitioner's claim (that the doses of the anesthetic sodium pentothal may be insufficient thus permitting those injected to experience the feelings of being suffocated and having a heart attack, but unable to express their pain by virtue of being paralyzed by pancuronium ), has been raised and disposed of in other cases. As the court in Robinson noted:

> "the affidavits [accompanying Robinson's section 1983 complaint] discuss the drugs used in the lethal injection. Three affidavits that Robinson filed in the district court are copies of affidavits from the case of State of Texas v. Jesus Flores, No. 877994. These affidavits address the effects of the drugs used during lethal injection, how they each cause pain and suffering, and particularly how the pancuronium bromide chemical paralyzes the person and masks the pain and suffering being incurred.

Robinson, 358 F.3d at 1285 n. 4.  See also Brown v. Crawford, 408 F.3d 1027 (8th Cir. 2005); Bieghler v. State, 839 N.E.2d 691(Ind. 2005).  Moreover, Florida's lethal injection methods were subjected to a full evidentiary hearing in 2000 in Sims v. State, 754 So.2d 657 (Fla. 2000), and Petitioner could have challenged the procedure after the Sims decision was rendered.  Thus, the petition in this case raises no true issues of newly discovered evidence.

Additionally, Petitioner has offered no reason for his delay in bringing a § 1983 action until just days before his scheduled execution.  The court notes there is no requirement to exhaust state proceedings prior to bringing a § 1983 claim.[8] In general, exhaustion of state remedies is not a prerequisite to filing an action under § 1983, even in the case of state prisoners, unlike federal habeas corpus actions brought pursuant to 28 U.S.C. § 2254 where exhaustion of state remedies is required.  See Heck v. Humphrey, 512 U.S. 477, 480, 114 S. Ct. 2364, 2369, 129 L. Ed.

---

[8] Petitioner has also not specifically addressed his failure to comply with the requirements of The Prison Litigation Reform Act of 1995 nor argued why he would be exempt from these requirements. See 42 U.S.C. § 1997e(a).

Case No.: 4:06cv 50/MCR

2d 383 (1994); Patsy v. Board of Regents of Fla., 457 U.S. 496, 501 and 509, 102 S. Ct. 2557, 2560 and 2564, 73 L. Ed. 2d 172 (1982).  As stressed by the Supreme Court in Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004):

> A stay is an equitable remedy, and "[e]quity must take into consideration the State's strong interest in proceeding with its judgment and . . . attempt[s] at manipulation." [Gomez, 503 U.S. at 654, 112 S. Ct. at 1653].  Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harm to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim.  Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.

(remaining internal cites omitted).  See also In re Hicks, 375 F.3d 1237, 1241 (11th Cir. 2004); Harris v. Johnson, 376 F.3d 414, 418 (5th Cir. 2004)("By waiting as long as he did, Harris leaves little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out."); White v. Johnson, 429 F.3d 572, 574 (5th Cir. 2005)("White has been on death row for more than six years, and only now, with his execution imminent, has decided to challenge a procedure for lethal injection that the State has been using for his entire stay on death row . . . . White has no excuse for delaying his claim until the eleventh hour, and he cannot argue that 'he was unaware of the State's intention to execute him by injecting the three chemicals he now challenges.'" (citing Harris, supra, 376 F.3d at 417)); White v. Livingston, 126 S. Ct. 601 (2005)(denial of stay of execution).[9]

Finally, even assuming Petitioner had not delayed in bringing his current action, the court would nonetheless find that Petitioner's claim fails to fall within the narrow confines of Nelson.  Here Petitioner is challenging Florida's standard

---

[9] The Supreme Court also recognized in Nelson that "the mere fact that an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right."  Nelson, 541 U.S. at 649, 124 S. Ct. at 2125-26.

Case No.: 4:06cv 50/MCR

protocol involving lethal injection and has made no claim, as the petitioner did in <u>Nelson</u>, that due to his unique medical situation the lethal injection protocol as applied to him constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Therefore, Petitioner is in effect challenging the validity of his sentence and is thus subject to the laws governing federal habeas corpus petitions. This court is without jurisdiction to entertain Petitioner's petition without his first complying with the requirements of 28 U.S.C § 2244(b)(3)(A).

Accordingly, it is hereby ORDERED and ADJUDGED that Petitioner's Verified Complaint for Declaratory and Injunctive Relief (doc. 2) is hereby DISMISSED for lack of jurisdiction.  Petitioner's Application for Stay of Execution and Motion to Hold Proceedings in Abeyance (doc. 4) is DENIED.  No stay of execution shall issue in this case.

DONE and ORDERED this 28th day of January, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**